UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA,

                v.

TIMOTHY T. JACKSON, JR., *a/k/a Timothy Jackson, a/k/a "T", a/k/a "T-Rock"*, and
GARY FULLER, *a/k/a "G"*,

                Defendants.
_____

**DECISION AND ORDER**

6:25-CR-06083 FPG CDH

## INTRODUCTION

      Defendants Timothy T. Jackson, Jr. ("Jackson") and Gary Fuller ("Fuller") (collectively "Defendants") are charged by indictment returned on May 22, 2025, with one count of conspiracy to possess with intent to distribute, and to distribute, five kilograms or more of a mixture and substance containing cocaine, 280 grams or more of a mixture and substance containing cocaine base, and 400 grams or more of a mixture and substance containing fentanyl, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A) (Count 1) and one count of possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. §§ 924(c)(1)(A)(i) and 2 (Count 2). (Dkt. 223 at 1-2). Jackson is further charged with one count of felon in possession of a firearm and ammunition in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(8) (Count 3). (*Id.* at 2-3). The indictment also contains three forfeiture allegations—one as to Jackson alone (First Forfeiture Allegation), one as to Fuller alone (Second Forfeiture Allegation), and one as to both Jackson and Fuller (Third Forfeiture Allegation). (*Id.* at 3-5).

Jackson has filed pre-trial motions seeking: (1) severance of Count 3 of the indictment from the remaining counts; (2) severance from Fuller; (3) dismissal of Count 3 of the indictment based on "a violation of [Jackson's] Second Amendment[] rights and Due Process Rights under the Fifth Amendment"; (4) suppression of evidence and a *Franks*[1] hearing; (5) suppression of statements made to law enforcement; (6) disclosure of informant information; (7) disclosure of witness statements pursuant to 18 U.S.C. § 3500; (8) relief *in limine* pursuant to Federal Rules of Evidence 403, 404, 607, 608, and 609; (9) disclosure of *Brady*[2] material; (10) discovery and inspection; (11) a bill of particulars; (12) preservation of rough notes; (13) disclosure of law enforcement personnel files; and (14) suppression of identification evidence. (Dkt. 240). Fuller has filed pre-trial motions seeking: (1) disclosure of *Brady* material; (2) a bill of particulars; (3) limitation of cross-examination; (4) notice of expert witnesses; (5) suppression of statements; (6) suppression of evidence and a *Franks* hearing; (7) suppression of identification evidence; (8) disclosure of informants, co-conspirators, and cooperating witnesses; (9) disclosure of witness statements; (10) preservation of rough notes; (11) disclosure of law enforcement personnel files; (12) severance from Jackson; (13) an audibility hearing; (14) to join in the motions made by Fuller; and (15) for leave to make further motions. (Dkt. 241).

The Court's analysis and recommended disposition of Jackson's motion to dismiss Count 3 of the indictment and of Defendants' motions for suppression are set

---

[1] *Franks v. Delaware*, 438 U.S. 154 (1978).

[2] *Brady v. Maryland*, 373 U.S. 83 (1963).

forth in a contemporaneously issued Report and Recommendation. (Dkt. 255). Below, the Court sets forth its resolution of Defendants' remaining motions.

## DISCUSSION

### I. Requests to Join in Co-Defendant Motions

Fuller has moved to join in "all requests for disclosure, both general and specific," made by co-defendants. (Dkt. 242 at 23). Jackson has also made a request to "join[] in all motions of the co-defendants' motions and their requests for relief[.]" (Dkt. 240-1 at 44). The government opposes these requests. (Dkt. 243 at 47).

"[I]t is prudent to adopt a policy requiring each defense counsel to independently file motions on behalf of their clients and not simply file boilerplate motions seeking to join in relevant motions of co-counsel. One of the reasons for this policy is that co-defendants may not pursue their motions for a variety of reasons, including entering a plea of guilty." *United States v. Cobb*, 544 F. Supp. 3d 310, 344 (W.D.N.Y. 2021) (quotation omitted). I accordingly deny Defendants' boilerplate requests to join in filings made by co-defendants.

### II. Jackson's Motion to Sever Count 3

Jackson has moved to sever Count 3 of the indictment—the felon-in-possession charge—from Counts 1 and 2 pursuant to Federal Rule of Criminal Procedure 14(a). (Dkt. 240-1 at 4). The government opposes this request, but notes that it does not oppose bifurcation of Count 3. (Dkt. 243 at 4-5).

Offenses are properly joined under Federal Rule of Criminal Procedure 8(a) when they "are of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan." Fed. R. Crim. P. 8(a). "Joinder is proper where the same evidence may be used to

prove each count," *United States v. Blakney,* 941 F.2d 114, 116 (2d Cir. 1991), or where the counts have a "sufficient logical connection," *United States v. Ruiz,* 894 F.2d 501, 505 (2d Cir. 1990). However, "[e]ven if offenses are properly joined, in certain circumstances severance may be warranted." *United States v. Page*, 657 F.3d 126, 129 (2d Cir. 2011). In particular, Rule 14(a) provides that severance may be granted if joinder of offenses for trial "appears to prejudice a defendant or the government." Fed. R. Crim. P. 14(a). Rule 14 "leaves the tailoring of the relief to be granted, if any, to the district court's sound discretion." *Zafiro v. United States*, 506 U.S. 534, 539 (1993).

  Here, Count 3 is properly joined with Counts 1 and 2 pursuant to Rule 8(a). Count 3 charges Jackson with having unlawfully possessed a 9mm semiautomatic pistol and ammunition that were found during the execution of a search warrant on January 17, 2024, at his residence. (*See* Dkt. 223 at 2-3). The government has represented that evidence related to Counts 1 and 2 was also found at that location, including "narcotics packaging material, cash utilized in a controlled purchase of cocaine, and keys to . . . drug houses on Angle Street operated by Jackson and Fuller." (Dkt. 243 at 4). Further, the government intends to argue at trial that Jackson possessed the firearm at issue in Count 3 in furtherance of the narcotics trafficking conspiracy. (*Id.*); *see Page*, 657 F.3d at 130 (finding there was a "sufficient logical connection between . . . narcotics counts and the gun count" to support joinder).

  There is a danger of prejudice where a felon-in-possession charge is joined with other charges, and so "[c]ourts have held that joinder of an ex-felon count with other charges requires either severance, bifurcation, <u>or some other effective ameliorative procedure</u>." *United States v. Jones*, 16 F.3d 487, 492 (2d Cir. 1994) (emphasis added).

- 4 -

Notably, however, the Second Circuit has rejected the argument that severance is the only effective remedy under these circumstances. *Page*, 657 F.3d at 131.

Jackson has not articulated any reason why the drastic remedy of severance is required under the particular circumstances of this case. Requiring separate trials of Counts 1 and 2 and Count 3 would require duplication of evidence and witnesses, and would run afoul of the Supreme Court's directive that Rules 8 and 14 "are designed to promote economy and efficiency and to avoid a multiplicity of trials, so long as these objectives can be achieved without substantial prejudice to the right of the defendant[] to a fair trial." *Zafiro*, 506 at 540. At the time of trial, the trial judge can institute appropriate ameliorative procedures to protect against prejudice, including potentially bifurcation, as is a common practice in this District. Accordingly, I deny Jackson's motion to sever Count 3.

### III. <u>Motions for Severance from Co-Defendant</u>

Jackson and Fuller have each moved to sever their trial from the other's. (*See* Dkt. 240-1 at 4-5; Dkt. 242 at 22-23). The government opposes these motions. (Dkt. 243 at 5-9).

An indictment "may charge 2 or more defendants if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses." Fed. R. Crim. P. 8(b). "There is a preference in the federal system for joint trials of defendants who are indicted together." *Zafiro*, 506 U.S. at 537. Joint trials "promote efficiency and serve the interests of justice by avoiding the scandal and inequity of inconsistent verdicts." *Id*. (quotation omitted). "The clear preference for joint trials . . . is particularly strong where, as here, the defendants are alleged to have participated in a common plan or

scheme." *United States v. Fazio*, 770 F.3d 160, 166 (2d Cir. 2014) (quotation omitted).

"[A] district court should grant a severance under Rule 14 only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." *Zafiro*, 506 U.S. at 539. "Joinder may still be appropriate when evidence of wrongdoing is admissible only against one of the defendants; where defendants have markedly different levels of culpability; or where a co-defendant's statement technically admissible only against a co-defendant was also probative of the defendant's guilt." *United States v. Guerrero*, 669 F. Supp. 2d 417, 425 (S.D.N.Y. 2009).

Jackson and Fuller both argue generally that severance is warranted here because of the potential for "spillover" prejudice. (*See* Dkt. 240-1 at 4; Dkt. 242 at 22). "In conspiracy cases . . . any claim of 'prejudicial spillover' does not justify severance because the evidence would be admissible at a separate trial of the moving defendant." Guerrero, 669 F. Supp. 2d at 425. Here, Fuller and Jackson are jointly alleged to have been key members of a narcotics trafficking conspiracy. They have failed to identify any particular evidence that would not be admissible were they to have separate trials, and have accordingly failed to demonstrate that severance is warranted due to the potential for spillover prejudice.

Jackson and Fuller have also each raised the possibility of *Bruton*[3] concerns as a basis for severance. (Dkt. 240-1 at 4-5; Dkt. 242 at 23). However, the government has represented that it "does not intend to offer any evidence of post-arrest statements by one defendant that implicate the other defendant[.]" (Dkt. 243 at 9).

---

[3]   *Bruton v. United States*, 391 U.S. 123 (1968).

Defendants have accordingly not shown that *Bruton* concerns warrant severance here.

Defendants have failed to identify circumstances that overcome the strong preference for joint trials. Accordingly, their motions for severance of their trials from one another are denied.

## IV.     Disclosure of Confidential Informant Identities

Jackson and Fuller have each moved for disclosure of the identities of confidential informants. (Dkt. 240-1 at 19-25; Dkt. 242 at 19-20). The government opposes these motions. (Dkt. 243 at 31-32).

"The government is not generally required to disclose the identity of confidential informants." *United States v. Fields*, 113 F.3d 313, 324 (2d Cir. 1997). Accordingly, a defendant seeking such disclosure "bears the burden of showing the need for disclosure of an informant's identity, and to do so must establish that, absent such disclosure, he will be deprived of his right to a fair trial." *Id.* (citations omitted). The Second Circuit has explained that:

> Speculation that disclosure of the informant's identity will be of assistance is not sufficient to meet the defendant's burden; instead, the district court must be satisfied, after balancing the competing interests of the government and the defense, that the defendant's need for disclosure outweighs the government's interest in shielding the informant's identity.

*Field*, 113 F.3d at 324. "[I]t is not sufficient to show that the informant was a participant in and witness to the crime charged"—rather, the informant must be a "key" witness or participant, such that their testimony would be material to the defense. *United States v. Saa*, 859 F.2d 1067, 1073 (2d Cir. 1988).

The government has represented in its opposition papers that the confidential

informants will not be key witnesses at trial. (Dkt. 243 at 32). Defendants have not articulated a particularized need for the identities of the confidential informants at this stage of the proceedings. Jackson has asserted generally that "the informant here is the only witness in a position to amplify or contradict the testimony of government witnesses." (Dkt. 240-1 at 22). Jackson does not identify which of the many confidential informants involved in this case he is referring to, nor does he explain what testimony of government witnesses said confidential informant is uniquely able to amplify or contradict. Fuller similarly does not set forth any factual basis for his request, but invokes *Brady* and states that "[i]nformation relating to a potential witness's credibility is discoverable and material to the defense." (Dkt. 242 at 19). These cursory arguments do not satisfy Defendants' burden of showing materiality.

The government has also represented that should it determine that any confidential informant will be called as a trial witness, it will "disclose such informant's identity . . . in the government's pretrial disclosures either two weeks before trial or at the time of the pretrial conference," and will further provide impeachment material consistent with *Giglio v. United States*, 405 U.S. 150 (1972). (*Id.* at 33). Defendants have not shown that they are entitled to early disclosure of the identities of the confidential informants. *See United States v. Morrison*, No. 1:09-CR-00064, 2010 WL 3063548, *2 (D.Vt. Aug. 30, 2010) ("The conclusory argument that early disclosure of the identity of the confidential source is necessary to prepare for trial, i.e., provide for the effective use and investigation of [the source] as a defense witness, . . . is not sufficient to require the 'extraordinary remedy' of disclosure of a confidential informant's identity."). This is particularly true because "informants and potential witnesses in narcotics cases . . . fear for their own safety and that of their

families. To list those persons or their whereabouts in advance of trial in such cases is to invite witness intimidation or danger to confidential informants." *United States v. Aguirre-Parra*, 763 F. Supp. 1208, 1216 (S.D.N.Y. 1991) (citations omitted). Accordingly, these motions are denied without prejudice.

### V.     Production of Jencks Act Material

Jackson and Fuller seek production of witness statements pursuant to 18 U.S.C. § 3500 (the "Jencks Act"). (*See* Dkt. 240-1 at 25-27; Dkt. 241 at 20-21). The Jencks Act provides that "no statement or report in the possession of the United States which was made by a Government witness or prospective Government witness (other than the defendant) shall be the subject of subpoena, discovery, or inspection until said witness has testified on direct examination in the trial of the case." 18 U.S.C. § 3500(a). "[D]istrict courts lack the power to mandate early production of Jencks Act material." *United States v. Morgan*, 690 F. Supp. 2d 274, 285 (S.D.N.Y. 2010); *see United States v. Coppa*, 267 F.3d 132, 145-46 (2d Cir. 2001).

The government has represented that it will provide Jencks Act materials "prior to trial in accordance with the pre-trial order of the trial court." (Dkt. 243 at 34). The Court lacks the authority to require any earlier disclosure by the government, and Defendants' requests for earlier disclosure are accordingly denied.

### VI.    Motions Regarding Federal Rules of Evidence 404(b), 608, and 609

Jackson has moved for various disclosures prior to Federal Rules of Evidence 404(b), 608, and 609. (Dkt. 240-1 at 27). Fuller has requested similar disclosure, and has further asked that the government be precluded from "introducing any prior criminal charges or convictions." (Dkt. 242 at 5-7). The government argues that such issues should be left to the trial judge at the time of the trial but agrees "to disclose

the specific nature of any evidence it intends to offer under FED. R. EVID. 404(b) and 608/609 at the time it is ordered to do so by the trial court." (Dkt. 243 at 35).

I agree with the government that these are issues appropriately decided by the trial judge at the time of trial. *See, e.g., United States v. Watkins*, No. 18-CR-00131-LJV-MJR, 2019 WL 937856, at *10 (W.D.N.Y. Jan. 18, 2019), *adopted*, 2019 WL 936231 (W.D.N.Y. Feb. 26, 2019); *United States v. Newbern*, No. 15-CR-98G, 2017 WL 5507577, at *5 (W.D.N.Y. Nov. 16, 2017), *adopted*, No. 2017 WL 6061403 (W.D.N.Y. Dec. 7, 2017). I accordingly deny these motions without prejudice.

### VII. <u>Motions for Disclosure of Exculpatory Material</u>

Defendants have moved for disclosure of evidence pursuant to *Brady* and its progeny, including *Giglio*. (Dkt. 240-1 at 27-31; Dkt. 242 at 3-4). Defendants also move for the disclosure of law enforcement personnel files, arguing that they may contain exculpatory materials. (Dkt. 240-1 at 42-43; Dkt. 242 at 22).

The Court has previously issued an order in this case confirming the government's obligations under *Brady* and its progeny. (Dkt. 10). The government confirms its awareness of and compliance with its disclosure obligations, including confirming that all *Giglio* material will be disclosed at an appropriate time prior to trial. (Dkt. 243 at 35). It also confirms that it has "well established procedures in place" to review law enforcement personnel files for *Brady* or *Giglio* material and that it intends to follow those procedures in this case. (*Id.* at 44).

Defendants have not identified any specific exculpatory materials that they contend have not been properly disclosed. "There is no pre-trial right to *Giglio* material, which specifically concerns impeachment," and "[c]ourts in the Second Circuit generally do not compel immediate disclosure of *Brady/Giglio* materials

- 10 -

where (1) the Government represents it is aware of and will comply with its *Brady*/*Giglio* obligations, and (2) the Defense does not provide any reason for suspecting the Government will not comply." *United States v. Mohamed*, 148 F. Supp. 3d 232, 246 (E.D.N.Y. 2015). Defendants' motions for immediate disclosure of *Brady*/*Giglio* materials (including law enforcement personnel files) are denied without prejudice, based on the government's representations and the lack of any evidence of a *Brady* or *Giglio* violation. *See United States v. Terrell,* No. S1 22-CR-343 (JMF), 2023 WL 7220736, at *2 (S.D.N.Y. Nov. 2, 2023) ("[T]o the extent that these motions seek evidence pursuant to *Brady v. Maryland*, 373 U.S. 83 (1963), *Giglio v. United States*, 405 U.S. 150 (1972), and their progeny, they are denied on the basis of the Government's representation that it has complied with its obligations and will continue to do so[.]").

## VIII. Motions for Discovery and Expert Notice

Jackson moves for discovery pursuant to Federal Rule of Criminal Procedure 16. (Dkt. 240-1 at 31-40). Fuller has requested that the government "provide at the earliest possible moment but no later than one (1) month before the trial a written summary" of any expert testimony it intends to introduce during its case in chief. (Dkt. 242 at 7-8).

The government represents that it has complied with its obligations under Rule 16 and has provided voluminous discovery, including addressing "additional requests made by the defense" in their motions. (Dkt. 243 at 36). The government further represents that it will continue to comply with its obligations under Rule 16. (*Id.*). With respect to expert testimony, the government represents that it "intends to call the experts identified" in the lab reports provided to Defendants and that it will

comply with the expert disclosure requires of Rule 16(a)(1)(G) and the Court's scheduling order. (Dkt. 243 at 36).

Defendants have not shown that the government has failed to comply with its discovery obligations under Rule 16 and I accordingly find no basis to order further disclosure by the government at this time. *See United States v. Santana*, No. 13 CR 147 KMW, 2015 WL 5781413, at *2 (S.D.N.Y. Oct. 1, 2015) ("The Court accepts the Government's affirmation that it has complied and will continue to comply with its Rule 16 obligations and thus denies defendant [the defendant's] motion" for further discovery under Rule 16).

As to the timing of expert disclosures, Rule 16 was amended in 2022 to provide that "[t]he court, by order or local rule, <u>must</u> set a time for the government to make its disclosures. The time must be sufficiently before trial to provide a fair opportunity for the defendant to meet the government's evidence." Fed. R. Crim. P. 16(a)(1)(G)(ii) (emphasis added). This District's Local Rules of Criminal Procedure do not contain such a deadline, and so the Court must establish one by order. However, such a deadline is appropriately set by the trial judge at the time a trial is scheduled, and I decline to impose one at this time.

### IX.    <u>Motions for a Bill of Particulars</u>

Jackson and Fuller have each moved for a bill of particulars. (Dkt. 240-1 at 40-42). The government opposes these motions, arguing that a bill of particulars is "wholly unnecessary" in light of the 95-page criminal complaint, detailed oral and written proffers made at the detention hearings in this matter, and the "extensive and voluminous" discovery. (Dkt. 243 at 41).

Federal Rule of Criminal Procedure 7(f) provides that "[t]he court may direct

the government to file a bill of particulars." Fed. R. Crim. P. 7(f). "A bill of particulars is required only where the charges of the indictment are so general that they do not advise the defendant of the specific acts of which he is accused." *United States v. Chen*, 378 F.3d 151, 163 (2d Cir. 2004) (quoting *United States v. Walsh*, 194 F.3d 37, 47 (2d Cir. 1999)). "[A] bill of particulars is not a general investigative tool, a discovery device or a means to compel the government to disclose evidence or witnesses to be offered prior to trial." *United States v. Griffith*, 515 F. Supp. 3d 106, 121 (S.D.N.Y. 2021) (quotation and alteration omitted). "The decision whether to grant a bill of particulars rests within the district court's discretion." *United States v. Chalmers*, 410 F. Supp. 2d 278, 283 (S.D.N.Y. 2006).

In his motion for a bill of particulars, Jackson seeks the following information: (1) "[t]he approximate amounts and types of controlled substances [Jackson] is alleged to have distributed or possessed with the intent to distribute"; (2) "[t]he conduct by . . . Jackson . . . the government intends to prove a trial to demonstrate his joinder and participation on the conspiracy alleged in count one"; (3) "[t]he conduct by . . . Jackson . . . the government intends to prove at trial to demonstrate he possessed a firearm in furtherance of a drug trafficking crime as alleged in count two"; (4) "approximate date(s) and location(s) where . . . Jackson . . . allegedly possessed a firearm and further the particular facts and circumstances as to how the possession was 'in furtherance of a drug trafficking crime.'" (Dkt. 240-1 at 41-42). In his motion for a bill of particulars, Fuller seeks the following information: (1) "[t]he names of the alleged co-conspirators the government intends to offer proof about at trial, but that are not named in the indictment"; and (2) "specificity" as to the beginning time frame of the conspiracy.

"Considering the allegations in the Indictment in conjunction with the materials produced in discovery and the additional evidence disclosed to" Jackson and Fuller, I find that they have "been provided with sufficient information to inform [them] of the charges against [them], prepare a defense, avoid surprise at trial, and ensure against double jeopardy." *United States v. Walker*, No. 118CR237RJAMJR, 2021 WL 1725513, at *13 (W.D.N.Y. Jan. 6, 2021), *adopted*, 2021 WL 1723159 (W.D.N.Y. Apr. 30, 2021), *aff'd*, No. 23-6876-CR, 2024 WL 4675592 (2d Cir. Nov. 5, 2024). The information sought by Defendants constitutes an attempt to use a bill of particulars as a discovery device. "It is well settled that defendants need not know the means by which it is claimed they performed acts in furtherance of the conspiracy nor the evidence which the Government intends to adduce to prove their criminal acts." *United States v. Reid*, 650 F. Supp. 3d 182, 197 (S.D.N.Y. 2023) (citation omitted). As such, "demands for particulars regarding the formation of a conspiracy have almost universally been denied. Matters such as the exact time and place of the overt acts and names of the persons present are not properly the subject of a bill of particulars." *United States v. Tejada*, 108 F.Supp.2d 137, 140 (N.D.N.Y. 1999); *see also United States v. Green*, No. 1:23-CR-00122-LJV-MJR, 2025 WL 1127826, at *6 (W.D.N.Y. Mar. 13, 2025) ("the Government is not required to particularize overt acts, unnamed co-conspirators, and other details regarding the alleged conspiracy"), *adopted*, 2025 WL 1125264 (W.D.N.Y. Apr. 16, 2025).

Further, courts have found that precise information regarding the types and quantities of narcotics at issue in a case is beyond the scope of a bill of particulars, where a defendant has been provided adequate information to apprise him of the charges. *See, e.g., United States v. Kidd*, No. 18-CR-17-RJA-MJR, 2019 WL 5196021,

at *5 (W.D.N.Y. July 22, 2019), *adopted*, 2019 WL 5191020 (W.D.N.Y. Oct. 15, 2019); *United States v. McIver*, No. 09CR108S, 2010 WL 1038682, at *3 (W.D.N.Y. Mar. 19, 2010). And as to the timeframe of the conspiracy, Count 1 states that the conspiracy spanned from "[b]etween in or about October 2022, and on or about January 17, 2024[.]" (Dkt. 223 at 1). More specificity is not required. *See United States v. Valdez, No. 1:18-CR-138 JLS (MJR)*, 2020 WL 7700338, at *9 (W.D.N.Y. Oct. 9, 2020), *adopted sub nom. United States v. Young*, 2020 WL 7137137 (W.D.N.Y. Dec. 7, 2020).

The government has also voluntarily provided additional information regarding the evidence it intends to offer at trial as to Count 2, including identifying 17 seized firearms and the dates and locations where these firearms were recovered. (Dkt. 243 at 42-43). The government has advised Defendants that it intends to offer proof that Defendants "actually, constructively, and jointly possessed firearms in furtherance of the narcotics conspiracy charged in Count 1." (*Id.* at 42). Further particularization of the government's evidence and legal theory as to Count 2 is not required. *See United States v. Pirk*, 282 F. Supp. 3d 603, 614 (W.D.N.Y. 2017).

For these reasons, Defendants' motions for a bill of particulars are denied.

## X. Motions for Preservation of Rough Notes

Defendants have moved for preservation of rough notes. (Dkt. 240-1 at 42; Dkt. 242 at 21-22). The government contends that it has no legal obligation to preserve or produce "notes of a government agent which are incorporated into a written report," but nevertheless "agrees to instruct the law enforcement officers and agents assigned to this investigation and prosecution to retain and preserve any rough notes." (Dkt. 243 at 44). In other words, "[t]he Government essentially does not object to the request so long as it carries no implication that a legal obligation for preservation

exists." *United States v. Wrobel*, No. 12-CR-125W, 2017 WL 3097611, at *15 (W.D.N.Y. July 21, 2017). The Court accordingly grants this request to that extent.

### XI. Fuller's Motion for an Audibility Hearing

Fuller has moved for a hearing to "determine the audibility of any tape, CD, or other recording the Government will seek to introduce as evidence at trial[.]. (Dkt. 242 at 23). At oral argument, Fuller's counsel confirmed that no recordings have been identified at this time as to which there is an audibility concern. I accordingly deny this request without prejudice and "with the right to reapply for such relief after the [recordings] in question have been reviewed and it is determined that there is an audibility issue that needs to be resolved by this Court." *Newbern*, 2017 WL 5507577, at *5.

### XI. Requests for Leave to File Further Motions

Jackson requests "leave to file further or supplemental motions if deemed necessary by the defense." (Dkt. 240-1 at 44). Fuller requests "leave to apply for such other and further relief in the future as may be deemed justified, should the facts and circumstances not now within [the defense's] knowledge indicate that such additional motions are warranted." (Dkt. 242 at 24). The government opposes these requests. (Dkt. 243 at 47).

I do not find it warranted to grant Defendants open-ended leave to file further motions. *See Cobb*, 544 F. Sup. 3d at 345. However, this does not prevent Defendants from pursuing appropriate motions in the future, provided they "seek leave to do so and explain why the motion was not filed in a timely fashion (*e.g.,* based on newly discovered information, a good cause basis for not initially filing, etc.)." *Id.*

### CONCLUSION

For the foregoing reasons, Defendants' pretrial motions (other than Jackson's motion to dismiss Count 3 of the indictment and Defendants' motions to suppress) are resolved as set forth herein.

SO ORDERED.

_____
COLLEEN D. HOLLAND
United States Magistrate Judge

DATED:   February 20, 2026
         Rochester, New York