UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

                                           Case # 25-CR-6083-FPG-1

v.

                                           DECISION AND ORDER

TIMOTHY T. JACKSON, JR.,

                          Defendant.

## INTRODUCTION

On May 22, 2025, Defendant Timothy T. Jackson, Jr. was indicted on three counts: (1) narcotics conspiracy to possess with intent to distribute, and to distribute, 5 kilograms or more of a mixture and substance containing cocaine, 280 grams or more of a mixture and substance containing cocaine base, and 400 grams or more of a mixture and substance containing fentanyl in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A) ("Count One"); (2) possession of firearms in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A)(i) and 2 ("Count Two"); and (3) felon in possession of a firearm and ammunition in violation of 18 U.S.C. § 922(g)(1) and 924(a)(8) ("Count Three").  ECF No. 223.  By Order dated May 2, 2025, this case was referred to United States Magistrate Judge Colleen D. Holland pursuant to 28 U.S.C. §§ 636(b)(1)(A) and (b)(1)(B).  ECF No. 225.

On August 29, 2025, Defendant filed an omnibus motion, ECF No. 240, and filed a supplemental motion to suppress evidence on November 6, 2025, ECF No. 248.  As relevant here, Defendant moved for: (1) dismissal of Count Three of the indictment; (2) suppression of physical evidence or, alternatively, a hearing under *Franks v. Delaware*, 438 U.S. 154 (1978); (3) severance of Count Three of the indictment from the remaining counts; (4) severance of Defendant's trial from the trial of his co-defendant, Gary Fuller; (5) further discovery; and (6) a bill of particulars.  ECF Nos. 240-1, 248.  On February 20, 2026, Judge Holland issued a Report &

1

Recommendation ("R&R") and a Decision and Order ("D&O"), respectively.  ECF Nos. 255, 256.

The R&R recommended denying Defendant's motions for: (1) dismissal of Count Three, and

(2) suppression of evidence or, alternatively, a *Franks* hearing.  ECF No. 255.  The D&O denied

Defendant's motions for: (1) severance of Count Three, (2) severance from Fuller, (3) further

discovery, and (4) a bill of particulars.  ECF No. 256.

Defendant has filed his objections to the R&R and D&O, ECF No. 273, and

the Government has responded, ECF No. 277.  For the reasons that follow, the R&R (ECF No.

255) is ADOPTED, and Defendant's objections to Judge Holland's D&O are OVERRULED (ECF

No. 256).  Accordingly, Defendant's motions for: (1) dismissal of Count Three; (2) suppression of

evidence or, alternatively, a *Franks* hearing; (3) severance of Count Three; (4) severance from

Fuller; (5) further discovery; and (6) a bill of particulars are DENIED.

## DISCUSSION

The R&R contains a thorough description of the relevant facts in this case, and therefore,

familiarity with the factual background is assumed.  *See* ECF No. 255.  Defendant objects to parts

of the R&R that recommended denying his motions for: (1) dismissal of Count Three, and (2)

suppression of evidence or, alternatively, a *Franks* hearing.  ECF No. 273 at 2–19.  Defendant also

objects to parts of the D&O that denied his motions for: (1) severance of Count Three, (2)

severance from Fuller, (3) further discovery, and (4) a bill of particulars.  *Id.* at 19–20.  The Court

discusses each objection to the R&R and D&O below.

## I.    Objections to the R&R

### a.  Legal Standard

A district court reviews *de novo* those portions of an R&R to which a party has timely

objected.  Fed. R. Crim. P. 59(b)(3).  When a party does not object to a portion of an R&R, or

2

when the objections are conclusory, general, or without legal support, a district court reviews those portions for clear error. *See United States v. Preston*, 635 F. Supp. 2d 267, 269 (W.D.N.Y. 2009); *see also* Fed. R. Crim. P. 59(a) ("Failure to object in accordance with this rule waives a party's right to review.").

### b. Dismissal of Count Three

Judge Holland recommended denying Defendant's motion to dismiss Count Three of the indictment. ECF No. 255 at 7–9. Defendant objects, arguing that, in light of the Supreme Court's decision in *New York State Rifle & Pistol Assoc., Inc. v. Bruen*, 597 U.S. 1 (2022), Count Three violates his Second Amendment right, and "raises a potential self-defense argument." ECF No. 273 at 18–19. The Court rejects Defendant's argument.

18 U.S.C. § 922(g)(1) prohibits convicted felons from "possess[ing] in or affecting commerce, any firearm or ammunition[.]" In *United States v. Bogle*, the Second Circuit affirmed that "Section 922(g)(1) is a constitutional restriction on the Second Amendment rights of convicted felons." 717 F.3d 281, 281–82 (2d Cir. 2013). The Second Circuit affirmed its *Bogle* holding in *Zherka v. Bondi*, stating that the holding "survives" *Bruen*, which repudiated the former two-step framework for analyzing Second Amendment challenges that the Second Circuit had applied. 140 F.4th 68, 75 (2d Cir. 2025); *see also United States v. Thompson*, 143 F.4th 169, 183 (2d Cir. 2025) (stating that *Zherka* "rejected an identical argument [that *Bruen* rendered § 922(g)(1) unconstitutional] and upheld the constitutionality of § 922(g)(1)"). *Zherka* thus re-affirmed that § 922(g)(1) prohibits a felon from possessing firearms, "including for self-defense inside and outside the home." *Zherka*, 140 F.4th at 76. Therefore, Defendant's argument lacks merit.

Accordingly, the Court ADOPTS Judge Holland's recommendation to deny Defendant's motion to dismiss Count Three.

### c. Suppression of Evidence

Judge Holland recommended denying Defendant's motion to suppress evidence found during, or as a result of, the search of his person and residence, the search of his vehicles, the use of GPS tracking devices on his vehicles, and the wiretapping of his cell phone. ECF No. 255 at 14–43. Defendant objects.[1] ECF No. 273 at 2–19. The Court will address Judge Holland's recommendations and Defendant's objections in turn.

### i. Probable Cause

Judges who issue warrants must answer the "commonsense, practical question whether there is 'probable cause' to believe that contraband or evidence is located in a particular place." *Illinois v. Gates*, 462 U.S. 213, 230 (1983). Probable cause "does not demand certainty but only a 'fair probability' that contraband or evidence of a crime will be found." *United States v. Gaskin*, 364 F.3d 438, 457 (2d Cir. 2004) (quoting *Gates*, 462 U.S. at 238). Because "courts recognize that experience and training may allow a law enforcement officer to discern probable cause from facts and circumstances where a layman might not," *id.*, in reviewing a probable cause determination, the Court gives "due weight to inferences drawn from those facts by resident judges and law enforcement officers," *United States v. Wilson*, 699 F.3d 235, 242 (2d Cir. 2012) (internal quotation marks and citation omitted); *see United States v. Clark*, 638 F.3d 89, 93 (2d Cir. 2011) ("[A] court reviewing a challenged warrant . . . must accord considerable deference to the probable cause determination of the issuing magistrate." (internal quotation marks and citation omitted)).

---

[1] Neither party objects to Judge Holland's finding that Defendant has standing to challenge: (1) the search of 45 Willmont Street, the 2017 Chevy Tahoe, the 2005 Ford-F150, and Defendant's person; (2) the placement of a GPS tracking device on the 2005 Ford F-150; (3) the placement of a GPS tracking device on the 2017 Chevy Tahoe; and (4) the wiretap of the phone ending in 6577. *See* ECF No. 255 at 12; ECF No. 273; ECF No. 277. Finding no clear error in Judge Holland's finding, the Court adopts Judge Holland's recommendation that Defendant has standing. *See Preston*, 635 F. Supp. 2d at 269.

The affidavit supporting a search warrant does not require certainty that the search will be fruitful—rather, the affidavit need only "warrant a man of reasonable caution in the belief" that evidence of a crime will be found. *Texas v. Brown,* 460 U.S. 730, 742 (1983) (citation omitted). Consequently, the facts upon which a police officer bases his conclusions need not show that the conclusion is "correct or more likely true than false"; he need only show that "wrongdoing or the discovery of evidence thereof [is] probable." *Walczyk v. Rio*, 496 F.3d 139, 157 (2d Cir. 2007) (citation omitted). Suppression should be the "last resort, not [the Court's] first impulse." *Herring v. United States,* 555 U.S. 135, 140 (2009) (internal quotation marks and citation omitted).

### *ii.*   Tracking of the 2005 Ford F-150 and 2017 Chevy Tahoe

Between September 2023 and January 2024, three warrant applications to install tracking devices on Defendant's vehicles were authorized: one application as to a 2005 Ford F-150 and two applications as to a 2017 Chevrolet ("Chevy") Tahoe. ECF No. 240-1 at 400–36. Judge Holland determined that there was probable cause to issue these tracking warrants. ECF No. 255 at 15–21, 23–24. Defendant objects, arguing that the warrant applications insufficiently alleged his criminal activity to establish a nexus to search his vehicles. ECF No. 273 at 3, 8–9. Specifically, he points to how Rochester Police Department ("RPD") Investigator Christopher Marsherall's affidavits in support of the tracking applications do not detail Defendant's participation in alleged criminal activity between October 2021 and May 2023. *Id.* Defendant claims that this indicates that law enforcement based its case merely on his association with Fuller. *Id.* Defendant's objections are unpersuasive.

The tracking applications sufficiently allege Defendant's suspected criminal activity and establish a nexus to search his vehicles. Investigator Marsherall, who has been a police officer since 2006 and a police investigator since 2015 with a long history of narcotics investigations,

submitted an affidavit in support of the warrant as to the 2005 Ford F-150. ECF No. 240-1 at 428–36. The affidavit includes several accounts of law enforcement's surveillance of Defendant. For instance, during the week of June 25, 2023, Defendant was observed meeting Fuller at 49 Angle Street, where a confidential informant made a controlled purchase of crack cocaine and interacted with Fuller earlier that day. *Id.* at 431–32. On August 18, 2023, Defendant was observed operating the 2005 Ford F-150 to meet with several males in various cars where Defendant removed items from a sedan, placed them in his vehicle with the help of another male, and exchanged money with this male. *Id.* at 433–34. On August 31, 2023, Defendant was observed driving the 2005 Ford F-150 to 19 Angle Street where a male approached him, exchanged an item from Defendant's sweatshirt pocket for a bill, and held the bill in the light to verify it was real. *Id.* at 434. When describing each of these instances, Investigator Marsherall opined that, based on his training and experience, Defendant was engaged in drug transactions. *Id.* at 432, 434.

Investigator Marsherall also submitted an affidavit in support of the warrants as to the 2017 Chevy Tahoe. *Id.* at 400–11, 416–25. While these affidavits contained much of the same information as the affidavit regarding the 2005 Ford F-150, they contained additional information from surveilling Defendant. For instance, on January 4, 2024, law enforcement intercepted a phone call where Defendant agreed to "get the food out and he will go" for an unknown male, although Defendant had never been observed delivering food items and had previously discussed narcotics with the same male. *Id.* at 410. Subsequently, Defendant was observed driving the 2017 Chevy Tahoe into a parking lot where a male, whom Investigator Marsherall believed to be the same person on the phone, entered the passenger side and exited three minutes later. *Id.* Investigator Marsherall opined that this was consistent with exchanging narcotics and stated that he believed Defendant was using the 2017 Chevy Tahoe to transport drugs. *Id.*

6

Reviewing the tracking applications, the Court finds that there was probable cause to issue the tracking warrants because the applications sufficiently established a proper nexus between the alleged drug trafficking and the use of Defendant's vehicles. This is especially so considering Investigator Marsherall's observations and opinions that, based on his training and experience in narcotics investigations, Defendant was engaged in drug trafficking and furthered his conduct by operating the 2005 Ford F-150 and the 2017 Chevy Taho. *See United States v. Delossantos*, 536 F.3d 155, 161 (2d Cir. 2008) ("[T]he powers of observation of an officer with superior training and experience should not be disregarded."). Considering these facts altogether, the Court agrees with Judge Holland and finds that there was probable cause to issue these tracking warrants.

Defendant attempts to diminish the level of his involvement, arguing that law enforcement did not observe his presence until May 2023 of the investigation. ECF No. 273 at 9. This argument is unavailing. It is undisputed that Defendant was observed engaging in suspected drug transactions from May 2023 with and without Fuller. Therefore, Defendant's claim that law enforcement found him culpable for simply associating and socializing with Fuller is meritless.

For the reasons above, the Court ADOPTS Judge Holland's recommendation as to probable cause for the tracking warrants.[2]

### iii.  Wiretap of the 6577 Phone

Judge Holland determined that the eavesdropping warrant application of a phone with a number ending in 6577 contained facts sufficient to establish probable cause. ECF No. 255 at 29–32. In doing so, Judge Holland considered the affidavit of RPD Investigator Thomas Minurka,

---

[2] Defendant also argues that law enforcement erroneously claimed that confidential informants were the basis for investigating Defendant, even though no confidential informants have been identified or alleged Defendant's participation in the controlled purchases of drugs. ECF No. 273 at 17. However, the tracking applications merely state that during the investigations, "numerous witnesses as well as confidential informants have been interviewed." ECF No. 240-1 at 401, 419, 429. In other words, confidential informants were part of, not the sole source of, the investigation against Defendant. Therefore, the Court rejects Defendant's argument.

a police officer with over 19 years of experience during which he "intercepted and deciphered cryptic conversations involving drug dealers and traffickers on numerous occasions[.]"  ECF No. 240-1 at 292–93.  Investigator Minurka explained that law enforcement intercepted calls between the 6577 phone and a phone with a number ending in 0005, which surveillance confirmed belong to Defendant and Fuller respectively.  *Id*. at 311.[3]  This was corroborated by RPD Investigator Melissa Frasca, whom Investigator Minurka stated was familiar with Defendant having conversed with him on more than one occasion in person and over the phone.  *Id.* at 305.  According to Investigator Minurka, Investigator Frasca listened to a segment of one of the conversations and identified Defendant's voice as being the one using the 6577 phone.  *Id.*

In the eavesdropping warrant application, Investigator Minurka provided the transcripts of two conversations that law enforcement intercepted.  *Id.* at 302–10.  In reviewing the transcripts, Judge Holland found that they did not make "immediately apparent" what the participants were discussing as the conversation used phrases "not . . . used in everyday parlance" and were likely "narcotics code."  ECF No. 255 at 31.  However, Judge Holland found probable cause, relying on the opinion of Investigator Minurka who stated that, based on his training, experience, and knowledge of the investigation, the phone conversations related to drug transactions.  *Id.* Specifically, Investigator Minurka interpreted that one conversation discussed "something that went down at one of the drug houses between a customer and one of their workers" while the other conversation "describe[ed] price negotiations with a source of supply" who wanted to charge for "bulk narcotics."  ECF No. 240-1 at 302–11.

Defendant objects to Judge Holland's determination.  Defendant argues that Investigator Minurka's affidavit does not establish probable cause because it only relies on the investigator's

---

[3] Investigator Minurka incorporated the eavesdropping warrant application as to Fuller's 0005 phone into the eavesdropping warrant application as to Defendant's 6577 phone by reference.  ECF No. 240-1 at 302.

general experience and training without establishing a factual nexus between Defendant's alleged criminal activities and the wiretapping of his phone. ECF No. 273 at 6–9. Defendant claims that Investigator Minurka instead alleges his criminal complicity through mere association with locations suspected of drug activity even though Defendant is the landlord of those properties and was present for mere property management purposes. *Id.* at 3–5. Defendant also contests the foundation of Investigator Frasca's identification of his voice because she was not part of the investigative team. *Id.* at 5–6.[4] The Court rejects Defendant's arguments.

First, the eavesdropping warrant application sufficiently establishes a nexus between Defendant's alleged criminal activity and the wiretapping of his phone. The application includes a transcript of the intercepted phone conversations between Defendant's and Fuller's phones. ECF No. 240-1 at 302–10. These include confusing and ambiguous statements, which, as Judge Holland noted, the Second Circuit has held to be consistent with drug transactions as "drug dealers rarely speak openly about their trade." *United States v. Cancelmo*, 64 F.3d 804, 808 (2d Cir. 1995); *see United States v. Velasquez*, 271 F.3d 364, 372 (2d Cir. 2001) ("[W]e have observed that individuals dealing in cocaine utilize a variety of terms to refer to the illegal substance.").

When presented with such "narcotics code," the Court may defer to the officer's interpretation of what the language may reasonably be interpreted to indicate. *See United States v. Fury*, 554 F.2d 522, 530–31 (2d Cir. 1995) (probable cause was shown where ambiguous statements could be "reasonably interpreted to indicate what the detective interpreted them to be" when considered in the context of defendant's criminal record and ongoing investigation). Here,

---

[4] Defendant also argues that he was not observed being involved for the first two years of the investigation and that none of the confidential informants identified or alleged Defendant's participation during the controlled drug purchases. *Id.* at 4–5, 8. However, as discussed above, *see* Section I.c.ii. *supra*, it is undisputed that Defendant was observed from May 2023 engaging in activity that law enforcement had probable cause to believe was criminal. Considering this, the fact that Defendant was not observed during the investigation that took place before May 2023 is irrelevant. This argument is therefore rejected.

Investigator Minurka opined that the cryptic conversations discussed something that occurred at one of the "drug houses" and price negotiations of drugs based on his ample experience and training dealing with "narcotics code" and his knowledge of the investigation of Defendant. The Court finds this to be a reasonable interpretation of what the ambiguous statements in the telephone conversations may mean, sufficiently establishing probable cause. *See Fury*, 554 F.2d at 530–31; *see also Delossantos*, 536 F.3d at 161. The fact that Defendant has an "innocent explanation" that he is the landlord of the properties associated with drug trafficking and was merely there for property management "does not negate probable cause." *Panetta v. Crowley*, 460 F.3d 388, 395 (2d Cir. 2006) (quoting *United States v. Fama*, 758 F.2d 834, 838 (2d Cir. 1985)).[5]

Next, Defendant argues that the application fails to explain how Investigator Frasca identified Defendant's voice and speculates that there could have been "suggestive and leading comments" that may have affected the identification. ECF No. 273 at 5. Defendant's arguments are conclusory and speculative. He further provides no legal support to argue that Investigator Minurka's affidavit should have detailed how Investigator Frasca listened to the phone conversation to identify Defendant's voice. *See Preston*, 635 F. Supp. 2d at 269. In any event, it is reasonable to infer that Investigator Frasca, an RPD investigator, had access to evidence obtained and maintained by the RPD as Judge Holland noted. ECF No. 255 at 31. It is further notable that Defendant does not argue that he does not own the 6577 phone or rebut Investigator Frasca's familiarity with his voice.

---

[5] Defendant alleges that Investigator Minurka's application contains an "inaccurate reference" regarding the dates and times of the telephone conversations. ECF No. 273 at 6–7. While the Court does not find that Investigator Minurka had mistaken the dates in his affidavit and application, the issue is immaterial in any event. *See United States v. Waker*, 534 F.3d 168, 171–72 (2d Cir. 2008) ("In general, minor errors in an affidavit are not cause for invalidating the warrant that it supports. . . . It follows that 'courts should not invalidate [a] warrant by interpreting the affidavit in a hypertechnical, rather than a commonsense, manner.' . . . Indeed, this Court has explained that when information within a search warrant permits the establishment of intended—but imperfectly scribed—dates, the document is not rendered deficient." (brackets in original) (quoting *United States v. Ventresca*, 380 U.S. 102, 108–09 (1965))). Therefore, the Court rejects Defendant's argument.

Accordingly, the Court ADOPTS Judge Holland's recommendation as to probable cause for the eavesdropping warrant application. [6]

### iv.   Search of Defendant's Person, 45 Willmont Street, the 2005 Ford F-150, the 2017 Chevy Tahoe, and Defendant's Phones

Judge Holland found that there was probable cause for the search warrant application to search Defendant's person, his residence at 45 Willmont Street, and Defendant's vehicles, the 2005 Ford F-150 and the 2017 Chevy Tahoe.  ECF No. ECF No. 255 at 32–37.  Judge Holland first found that there were two amended versions of Investigator Minurka's affidavit to support the search warrant applications.  *Id.* at 6.  The first amendment was made after Investigator Minurka was sworn before the Monroe County Court Judge Julie M. Hahn on January 16, 2024.  ECF No. 240-1 at 159–224.   The next day, a phone call was made to Judge Hahn based on developments in the case, requesting to include additional items to search; Judge Hahn issued the oral amendment and swore Investigator Minurka to memorialize the amendment in writing, which became the second amended search warrant signed on February 7, 2024.  *Id.* at 225–91; TR: 15–16.[7]  Finding the second amended search warrant to be the final version, Judge Holland referred to this application in the R&R.  ECF No. 255 at 6.

The search warrant application incorporated Investigator Minurka's affidavit in support of the eavesdropping warrant application, ECF No. 240-1 at 238, but also included additional information such as intercepted phone calls, *id.* at 275–77.  One of these calls was between Defendant and Fuller where Defendant updated Fuller on their plan to carry out a kidnapping and

---

[6] Defendant repeats his objection to Judge Holland's R&R, arguing that law enforcement misrepresented the basis for investigating him by stating that they consulted with confidential informants.  ECF No. 273 at 17.  Again, this claim is meritless because Investigator Minurka's affidavit states that the investigation included information from reliable confidential informants, not that the informants were the sole source of information.  ECF No. 240-1 at 335–36.

[7] Citations to "TR:" refer to the original pagination of the transcript from the appearance before Judge Holland on October 16, 2025.

home invasion robbery; later that day, law enforcement observed Defendant shopping for black clothing items including an "airsoft style tactical vest"; a few days later, a home invasion robbery was reported where victims stated that the perpetrators were two black males wearing all black and "one wearing a black airsoft style tactical vest." *Id.*

The application also described other instances of surveillance on Defendant. On November 3, 2023, an intercepted call showed an unknown male called Defendant to ask him to "swing through when he gets a chance," after which, Defendant was observed leaving his residence to directly meet an unknown male. *Id.* at 244. Investigators believed this was Defendant supplying narcotics to the unknown male. *Id.* On November 27, 2023, an unknown male drug associate contacted Defendant who directed the male to meet him at a clothing store; Defendant was then observed leaving his residence at 45 Willmont Street in the Chevy Tahoe, meeting with an unknown male at a clothing store, and meeting again at Defendant's vehicle several minutes later. *Id.* at 259–60. Investigator Minurka stated his belief that Defendant and the male completed a drug transaction. *Id.* at 260. Investigator Minurka further stated that during search warrant executions, he found that "persons involved in trafficking often conceal [evidence of crime] in their residences." *Id.* at 286–87.

Judge Holland determined that the search warrant application amply established probable cause to believe that Defendant was engaged in narcotics trafficking. ECF No. 255 at 33, 35. Judge Holland further found that the search warrant application established probable cause to believe that evidence of this crime would be found at Defendant's residence at 45 Willmont Street considering that Defendant went directly from his home to the clothing store to complete a suspected drug transaction. *Id.* at 35–37.[8]

---

[8] Judge Holland further determined that Defendant had not made any arguments to challenge the search of his vehicles and that the search warrant application establishes that both vehicles had been used in furtherance of trafficking

Defendant objects to Judge Holland's determination.  Defendant argues that: (1) the search warrant application improperly included allegations of the home invasion when Defendant was ultimately not charged for the offense and which facts have no bearing on the drug conspiracy; and (2) there is no nexus between the criminality and Defendant's residence to establish probable cause.  ECF No. 273 at 7–12.

Probable cause to search a particular location exists where there is a "fair probability that contraband or evidence of a crime will be found in a particular place."  *Gates*, 462 U.S. at 238.  An officer's expert opinion is "an important factor" for a judge to consider in reviewing a warrant application.  *United States v. Fama*, 758 F.2d 834, 838 (2d Cir. 1985).  "[P]robable cause determinations are frequently upheld in situations where a law enforcement officer provides an expert opinion that drug traffickers often maintain evidence of their crimes at their residences" even in the "absence of any specific information connecting suspected drugs to those premises."  *United States v. Montgomery*, No. 17-CR-6005, 2017 WL 3821262, at *8 (W.D.N.Y. Sept. 1, 2017) (brackets and citations omitted).

Here, the search warrant application sets forth ample and reasonable grounds to suspect that Defendant was engaged in criminal conduct and that there was a "fair probability that contraband or evidence of a crime will be found" at his residence.  *Gates*, 462 U.S. at 238.  Unlike Defendant's claim that Investigator Minurka relied only on his general experience to establish probable cause stemming from a single incident, the search warrant application contains more than one description of suspected criminal activity associated with Defendant's residence.  *See* ECF

---

narcotics.  ECF No. 255 at 37 n.12.  Defendant makes general objections stating that "the search of the . . . vehicle sought items that were not established to either exist or likely to exist[.]"  ECF No. 273 at 13.  However, Defendant does not present any arguments about why the search warrant application as to his vehicles were invalid.  Furthermore, as discussed, there were ample grounds to establish probable cause that Defendant's vehicles were utilized for suspected narcotics trafficking.  Thus, the Court finds that there was probable cause to issue the search warrant as to Defendant's vehicles.

No. 240-1 at 244, 259–60.  Further, Investigator Minurka, an experienced investigator in narcotics investigations, opined that evidence of crime is often concealed in residences of those involved in trafficking.  *See United States v. Williams*, 350 F. Supp. 3d 261, 268 (W.D.N.Y. 2018) ("An investigator's opinion that based on training and experience, drug traffickers maintain evidence of their illegal activities at their residences, may assist in establishing probable cause to search.").  Taking the entirety of the evidence together, the Court agrees with Judge Holland that there was probable cause to search Defendant's residence.

Defendant raises other objections to the finding of probable cause.  None have merit.  First, Defendant argues that the search warrant affidavits improperly contained information about the home invasion, which has no bearing on the crimes Defendant is actually charged with.  ECF No. 273 at 7.  However, a defendant need not be charged with the crime that formed a basis for a search warrant application for the court to find probable cause.  *See, e.g.*, *United States v. Harris*, 144 F. Supp. 3d 406 (W.D.N.Y. 2015) (denying defendant's motion to suppress evidence of drug and gun-related offenses when the search warrant was based on sex trafficking of a minor, which defendant had not been charged with); *United States v. Gildersleeve*, No. 11-CR-211, 2013 WL 4046293 (W.D.N.Y. Aug. 8, 2013) (denying defendant's motion to suppress evidence obtained from a search based on a search warrant application that included information of suspected crimes that defendant was later not charged with).  Moreover, as discussed above, the search warrant contains numerous other factual circumstances that establish probable cause.  Defendant's objection is therefore rejected.

Second, Defendant argues that Judge Holland improperly relied upon the second amended search warrant application.  ECF No. 273 at 8, 15–16.  Defendant contends that this amendment violates Federal Rules of Criminal Procedure 41 as it is not accompanied by an oral transcript of

the phone call.  *Id.*  The Court rejects this argument because the validity of the warrant under the Fourth Amendment does not require that statements made under oath be "placed on the record or made part of the affidavit."  *United States v. Morris*, No. 09-CR-38, 2011 WL 13127949, at *3 (W.D.N.Y. Mar. 16, 2011) (citation omitted); *see also* Fed. R. Crim. P. 41 advisory committee's note to 1977 amendment.  Here, the second amendment was "signed by the judge who issued the oral amendment and sworn out by the investigator to memorialize that oral amendment."  TR: 16. Therefore, there was no need for an oral transcript.

Third, Defendant argues that there were innocent explanations for his suspected criminal activity, including discussing "turkeys" around Thanksgiving or carrying diaper boxes with an unknown male.  ECF No. 273 at 9; *see also* ECF No. 240-1 at 257–58, 375, 378.  However, an "innocent explanation . . . does not negate probable cause."  *Panetta*, 460 F.3d at 395.  Judge Holland stated, and this Court agrees, that Defendant's explanation that "turkeys" related to Thanksgiving was not enough to negate probable cause established by Investigator Minurka's explanation that drug dealers use coded language.  ECF No. 255 at 33.  Similarly, the Court agrees with Judge Holland's determination that Defendant carrying diaper boxes established probable cause because no known children resided at the destination and the unknown male who accompanied Defendant counted "numerous small items" on the tailgate of Defendant's vehicle afterward, all of which Investigator Marsherall opined were consistent with Defendant resupplying narcotics.  *Id.* at 18–19.  Accordingly, Defendant's objection has no merit.[9]

---

[9] Defendant argues that Judge Holland erroneously stated that Fuller had previously been seen transporting diaper boxes.  ECF No. 273 at 17.  Defendant is correct that the search warrant application did not make any such statement. ECF No. 240-1 at 375, 378.  However, upon reviewing this issue *de novo*, the Court finds that the search warrant application still established probable cause because there were ample other facts that sufficiently alleged Defendant's suspected criminal activity.  Therefore, Defendant's argument is rejected.

Finally, Defendant argues that Investigator Minurka's affidavit alleges that he supplied to a drug dealer, "Dondee Lindsay," but that Investigator Minurka provided no support for this assertion. ECF No. 273 at 9. The Court rejects this argument. Investigator Minurka described an investigation where Lindsay called Defendant, Defendant drove to a location and notified Lindsay of his arrival, and after Defendant left, a confidential informant, who has been proven to be truthful and reliable, made a controlled purchase of cocaine from Lindsay. ECF No. 240-1 at 283–84. Investigator Minurka stated that he believed this was a re-supply of cocaine from Defendant to Lindsay. *Id.* at 284. Considering the totality of these circumstances, the Court agrees with Judge Holland and finds that Investigator Minurka's affidavit provided a sufficient basis for why he believed Defendant supplied drugs to Lindsay.

Accordingly, the Court ADOPTS Judge Holland's recommendation as to probable cause for the search warrant application.[10]

### *v.* Particularity Requirement

Judge Holland also rejected Defendant's argument that the search warrant application was overbroad because it failed to identify how the warrant did not meet the Fourth Amendment's particularity requirements. ECF No. 255 at 41–42. Defendant objects. ECF No. 273 at 12–13.

The Fourth Amendment mandates "that a search warrant describe with particularity the place to be searched and the persons or things to be seized." *United States v. Rosa*, 626 F.3d 56, 61 (2d Cir. 2010). To be sufficiently particularized, a warrant must: (1) "identify the specific

---

[10] Defendant argues that Judge Holland erred by failing to consider his objections to the search of his cell phone. ECF No. 273 at 7–12. The Court notes that Judge Holland erroneously stated that Defendant "was not seeking to suppress evidence obtained from the subsequent search of any cell phone." ECF No. 266 at 11 n.6. During oral argument, defense counsel stated his objections to both issues regarding the wiretap of Defendant's phone and the information that was extracted from it. TR: 31–32. The Court considered the issue *de novo* and concludes it lacks merit. Here, Defendant fails to explain how he was prejudiced by this error or what exactly he seeks to suppress and on what legal basis. ECF No. 273 at 3; *see* ECF No. 277 at 4. In any event, there was probable cause to search Defendant's phone and extract information from it as the search warrant application sufficiently alleged a nexus between Defendant's suspected criminal activity and the usage of his phone. Therefore, Defendant's argument is rejected.

offense for which the police have established probable cause"; (2) "describe the place to be searched"; and (3) "specify the items to be seized by their relation to designated crimes." *United States v. Galpin*, 720 F.3d 436, 445–46 (2d Cir. 2013) (internal quotation marks and citations omitted); *see United States v. Ulbricht*, 858 F.3d 71, 101 (2d Cir. 2017) ("the warrant plainly satisfies the basic elements of the particularity requirement" because it "lists the charged crimes, describes the place to be searched, and designates the information to be seized in connection with the specified offenses").

Here, Defendant generally argues that the application was not particular. Yet, considering the application in its entirety, the Court finds that it satisfies the three particularity requirements. *See Galpin*, 720 F.3d at 445–46. The warrant incorporates the affidavit by reference, lists the charged crimes, describes Defendant's person, his residence at 45 Willmont Street, his vehicles, and includes categories of evidence to be collected in connection with the specified offense such as his phone. ECF No. 240-1 at 227–91. Therefore, the warrant satisfies the particularity requirement. *See United States v. Mendlowitz*, No. 17 Cr. 248, 2019 WL 1017533, at *10 (S.D.N.Y. Mar. 2, 2019) (where warrants authorize the seizure of evidence pursuant to illustrative categories, "[c]ourts routinely validate [them] in the face of particularity challenges[.]").

Therefore, the Court ADOPTS the recommendation as to the particularity requirement.

### *vi.* Good Faith Exception

Judge Holland determined that, even if the warrants were invalid, the evidence would still be admissible under the good faith exception set forth in *United States v. Leon,* 468 U.S. 897 (1984). In *Leon*, the Supreme Court recognized an exception to the exclusionary rule for "evidence obtained in objectively reasonable reliance on a subsequently invalidated search warrant." *Id.* at 922. However, the good faith exception does not apply: "(1) where the issuing magistrate has been

17

knowingly misled; (2) where the issuing magistrate wholly abandoned his or her judicial role; (3) where the application is so lacking in indicia of probable cause as to render reliance upon it unreasonable; and (4) where the warrant is so facially deficient that reliance upon it is unreasonable." *Clark*, 638 F.3d at 100 (citation omitted).

Defendant argues that the good faith exception does not apply as "the applications were devoid of facts establishing probable cause to search or seize [Defendant's] items" and the warrants were based on false or erroneous information. ECF No. 273 at 17. Defendant's claim thus relates to the third and fourth exceptions to the good faith principle outlined in *Clark*. However, the Court has already discussed how the tracking, eavesdropping, and search warrant applications contained sufficient factual allegations that demonstrate how Defendant purportedly engaged in criminal activity. Defendant only makes perfunctory arguments, which fail to show how any of these applications or affidavits contained false or erroneous information. Without this showing, Defendant fails to establish that the good faith exception should not apply in this case.

Accordingly, the Court ADOPTS the recommendation as to the good faith exception.

### d.  The *Franks* Hearing

Judge Holland also denied Defendant's request for a *Franks* hearing. ECF No. 255 at 37–41. Defendant objects to this determination, arguing that Judge Holland neglected to address the arguments he raised in his supplemental motion about how law enforcement made misrepresentations and material omissions of fact in the warrant applications. ECF No. 273 at 7, 18; *see also* ECF No. 248 at 1–2. The Court agrees with Judge Holland's determination.

A defendant is entitled to a *Franks* hearing where he "makes a substantial preliminary showing that a false statement knowingly and intentionally, or with reckless disregard for the truth, was included by the affiant in the warrant affidavit, and if the allegedly false statement is necessary

to the finding of probable cause." *Franks*, 438 U.S. at 155–56. "The ultimate inquiry is whether, after putting aside erroneous information and material omissions, there remains a residue of independent and lawful information sufficient to support probable cause." *United States v. Canfield,* 212 F.3d 713, 718 (2d Cir. 2000) (quotation marks and citation omitted). Defendant claims that law enforcement made misrepresentations and material omissions in the warrant application. However, as discussed above, the Court is not convinced that any statements in the application had material omissions or were false, let alone that they were knowingly, intentionally, or recklessly made. The Court also rejects Defendant's argument that Judge Holland failed to address Defendant's supplemental motion. Judge Holland addressed the arguments contained in the supplemental motion throughout the R&R and even referred to the supplemental motion when denying the request for a *Franks* hearing. *See* ECF No. 255 at 39–40.

Accordingly, the Court ADOPTS the recommendation denying a *Franks* hearing.

### e.  The Remainder of the R&R

Judge Holland recommended denying Defendant's motions (1) to suppress statements he made to law enforcement, and (2) for identification evidence, or alternatively, for an evidentiary hearing. ECF No. 255 at 43–46. Neither party objected to these recommendations. Because neither party objects, the Court reviews for clear error, *see Preston*, 635 F. Supp. 2d at 269, and it finds none. Accordingly, the Court ADOPTS the recommendation as to the suppression of statements and identification evidence.

## II.    Objections to the Non-Dispositive Decision

### a.  Legal Standard

When a party objects to a non-dispositive decision by a Magistrate Judge, the Court reviews the Magistrate Judge's decision to determine whether it is "clearly erroneous or contrary to law."

*United States v. Williams*, 339 F. Supp. 3d 129, 132–33 (W.D.N.Y. 2018) (citing 28 U.S.C. § 636(b)(1)(A)).  The standard is "highly deferential," and a Magistrate Judge's decision will be upheld unless, upon reviewing the entire record, the Court "is left with the definite and firm conviction that a mistake has been committed."  *Id.* (citations omitted).

However, Defendant seeks a *de novo* review of all matters to which he objects, ECF No. 273 at 1, and the Government does not argue that the clear error standard shall apply, ECF No. 277.  Because the parties have not distinguished the standards to apply in reviewing Judge Holland's determinations in the D&O, and because the Court's determination is identical whether applying the *de novo* or clear error standard, the Court will review the D&O *de novo*.

### b.  Severance of Count Three

Judge Holland denied Defendant's motion to sever Count Three because Defendant failed to explain why severance is required.  ECF No. 256 at 3–5.  Judge Holland concluded that the trial judge at the time of trial could institute procedures that would "appropriate[ly] ameliorat[e]" joining Count Three with the other charges, such as by bifurcation.  *Id.*  Defendant objects, arguing that it is erroneous not to sever the felon-in-possession charge from a drug count or other counts where the existence of a prior felony conviction is not an element.  ECF No. 273 at 19.

Where joinder of offenses for trial "appears to prejudice a defendant or the government, the court may order separate trials of counts, . . . or provide any other relief that justice requires." Fed. R. Crim. P. 14(a).  This is "designed to promote economy and efficiency and to avoid a multiplicity of trials, so long as these objectives can be achieved without substantial prejudice to the right of the defendants to a fair trial."  *Zafiro v. United States*, 506 U.S. 534, 540 (1993) (brackets and citation omitted).  Thus, "less drastic measures [than severance], such as limiting instructions, often will suffice" to cure any risk of prejudice and permit joinder.  *Id.* at 539.

20

The Court agrees with Judge Holland's decision denying Defendant's motion to sever Count Three. The Second Circuit upheld a decision not to sever a defendant's narcotics charge and felon-in-possession charge partly because there was a "sufficient logical connection" between the two counts where the drugs and gun were found in the same bedroom at the same time as part of the same search. *United States v. Page*, 657 F.3d 126, 130 (2d Cir. 2011); *see also United States v. Vegas*, 27 F.3d 773, 778 (2d Cir. 1994). Here, the search warrant applications stated that the search would include drugs and firearms—the exact evidence that were found during the search. *See* ECF No. 240-1 at 288. Thus, a "sufficient logical connection" exists between Count Three and the other counts, weighing in favor of joining the counts in the same trial. *See Page*, 657 F.3d at 130.

It is further anticipated that the same evidence and witnesses would be required for all three counts. Duplicating the evidence by severing Count Three would undermine judicial economy and efficiency. *See Zafiro*, 506 U.S. at 540. Moreover, Defendant fails to meet his "heavy burden" to show that joinder will result in substantial prejudice, *United States v. Amato*, 15 F.3d 230, 237 (2d Cir. 1994), that is "sufficiently severe to outweigh the judicial economy that would be realized by avoiding multiple lengthy trials," *United States v. Walker*, 142 F.3d 103, 110 (2d Cir. 1998).

Accordingly, the Court DENIES Defendant's motion to sever Count Three.

### c. Severance from Fuller

Judge Holland denied Defendant's motion to sever his trial from Fuller's trial as the two were "jointly alleged to have been key members of a narcotics trafficking conspiracy," which diminishes the justification of severing the trials to prevent a potential "prejudicial spillover." ECF No. 256 at 5–7. Defendant objects, arguing that Judge Holland did not properly consider the "spillover effect" of Fuller's unrelated crimes prejudicing Defendant. ECF No. 273 at 19–20.

The Court may grant severance motions if it appears that a defendant is prejudiced by jointly trying defendants together.  *See* Fed. R. Crim. P. 14.  "Considerations of efficiency and consistency militate in favor of trying jointly defendants who were indicted together[.]"  *United States v. Spinelli*, 352 F.3d 48, 55 (2d Cir. 2003).  "Joint trials are often particularly appropriate in circumstances where the defendants are charged with participating in the same criminal conspiracy[.]"  *Id.* (citing *United States v. Salameh*, 152 F.3d 88, 115–16 (2d Cir. 1998) (per curiam) (noting that spillover prejudice is unlikely in cases where defendants are charged in the same conspiracy)).

Here, Defendant and Fuller are charged as co-conspirators and leaders of a conspiracy to distribute narcotics together.  ECF No. 223.  Although it is true that the warrant applications alleged Fuller's participation in events that did not relate to Defendant, this is insufficient for Defendant to successfully argue severance from Fuller.  *See United States v. Carson*, 702 F.2d 351, 366–67 (2d Cir. 1983) ("[D]iffering levels of culpability and proof are inevitable in any multi-defendant trial and, standing alone, are insufficient grounds for separate trials.").  Defendant has also failed to identify any evidence that would be inadmissible against one of the defendants should there be a joint trial.  Any prejudice Defendant may suffer would also be eliminated by limiting instructions to the jury.  *See Spinelli*, 352 F.3d at 55.  Defendant has thus failed to satisfy his "heavy burden" to argue that severance is required in this case.  *United States v. Sotomayor*, 592 F.2d 1219, 1227 (2d Cir. 1979).

Accordingly, the Court DENIES Defendant's motion to sever from Fuller.

### d.  Further Discovery

Judge Holland denied Defendant's motion for further discovery because he failed to show that the Government did not comply with its discovery obligations.  ECF No. 256 at 11–12.

Defendant objects, arguing that Judge Holland erroneously denied further discovery for the redacted portions of the reports of controlled purchases associated with the co-defendants and the confidential informants because the information is material to his defense.  ECF No. 273 at 20.

Evidence is material under Federal Rules of Criminal Procedure 16 "if it could be used to counter the government's case or to bolster a defense; information not meeting either of those criteria is not to be deemed material within the meaning of the Rule[.]"  *United States v. Stevens*, 985 F.2d 1175, 1180 (2d Cir. 1993).  "The defendant must make a *prima facie* showing of materiality and must offer more than the conclusory allegation that the requested evidence is material."  *United States v. Urena*, 989 F. Supp. 2d 253, 261 (S.D.N.Y. 2013) (internal quotation marks and citations omitted).

Here, Defendant failed to make a *prima facie* showing of materiality.  Defendant states that the reports are "relevant and material to Count one-drug conspiracy," ECF No. 273 at 20; *see also* ECF No. 240-1 at 39–40, but fails to explain how the report will counter the Government's case or bolster his defense, *see Stevens*, 985 F.2d at 1180.  Such conclusory statements are insufficient for Defendant to show that the evidence is indeed material.  Moreover, the Government stated that it "provided voluminous discovery" that included "additional requests made by the defense," ECF No. 243 at 36, which Defendant does not dispute.  The Government also stated that it will continue to be responsive to its discovery obligations.  *Id.*  Considering these circumstances, the Government has no obligation to comply with Defendant's further discovery requests at this time.

Accordingly, the Court DENIES Defendant's motion for further discovery.

### e.  Bill of Particulars

Finally, Judge Holland denied Defendant's motion for a bill of particulars as Defendant had been provided with sufficient information to prepare a defense and was improperly attempting

23

to use a bill of particulars as a discovery device.  ECF No. 256 at 12–15.  Defendant objects, arguing that the following information is material and necessary to his defense: (1) the approximate amount and types of controlled substances Defendant is alleged to have distributed or possessed with the intent to distribute; (2) Defendant's conduct that the Government intends to prove at trial to demonstrate his joinder and participation in the conspiracy alleged in Count One; (3) Defendants' conduct that the Government intends to prove at trial to demonstrate he possessed a firearm in furtherance of a drug trafficking crime as alleged in Count Two; and (4) the approximate dates and locations where the Government alleges Defendant to have possessed a firearm and the particular facts and circumstances how the possession was in furtherance of a drug trafficking crime.  ECF No. 240-1 at 42; ECF No. 273 at 20.

"Whether to grant a bill of particulars rests within the sound discretion of the district court." *United States v. Panza*, 750 F.2d 1141, 1148 (2d Cir. 1984).  "A bill of particulars is required only where the charges of the indictment are so general that they do not advise the defendant of the specific acts of which he is accused." *United States v. Chen*, 378 F.3d 151, 163 (2d Cir. 2004) (quotation marks and citation omitted).  "[A] bill of particulars should not be substituted for a form of discovery—it should not function to disclose evidence, witnesses, and legal theories to be offered by the Government at trial or as a general investigative tool for the defense." *United States v. Pirk*, 282 F. Supp. 3d 578, 580 (W.D.N.Y. 2017) (quotation marks and citation omitted).

As stated, the Government "provided voluminous discovery material" and addressed "additional requests made by the defense."  ECF No. 243 at 36.  Defendant does not deny this. Instead, he repeats his request for a bill of particulars with the four categories of documents listed above by simply stating that the information is "material and necessary" to his defense.  ECF No. 273 at 20.  However, "the Government is not required to provide information that would, in effect,

24

give the Defendant a preview of the Government's case before trial," such as "the manner in which it will attempt to prove the charges" or "the means by which the crimes charged were committed" as Defendant requests in this case. *United States v. Belin*, No. 99 CR. 214, 2000 WL 679138, at *7 (S.D.N.Y. May 24, 2000) (citations omitted). Therefore, Defendant's argument is meritless.

Accordingly, the Court DENIES Defendant's motion for a bill of particulars.

## CONCLUSION

For the foregoing reasons, the R&R (ECF No. 255) is ADOPTED, and Defendant's objections to Judge Holland's D&O are OVERRULED (ECF No. 256). Accordingly, Defendant's motions for: (1) dismissal of Count Three; (2) suppression of evidence or, alternatively, a *Franks* hearing; (3) severance of Count Three; (4) severance from Fuller; (5) further discovery; and (6) a bill of particulars are DENIED.

IT IS SO ORDERED.

Dated: June 29, 2026
　　　　Rochester, New York

_____
HON. FRANK P. GERACI, JR.
United States District Judge
Western District of New York