UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

                                            Case # 25-CR-6083-FPG-2

v.

                                            DECISION AND ORDER

GARY FULLER,

                         Defendant.

## INTRODUCTION

On May 22, 2025, Defendant Gary Fuller was indicted on two counts: (1) narcotics conspiracy to possess with intent to distribute, and to distribute, 5 kilograms or more of a mixture and substance containing cocaine, 280 grams or more of a mixture and substance containing cocaine base, and 400 grams or more of a mixture and substance containing fentanyl in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A); and (2) possession of firearms in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A)(i) and 2. ECF No. 223. By Order dated May 2, 2025, this case was referred to United States Magistrate Judge Colleen D. Holland pursuant to 28 U.S.C. §§ 636(b)(1)(A) and (b)(1)(B). ECF No. 225.

On August 26, 2025, Defendant filed an omnibus motion. ECF No. 241. As relevant here, Defendant moved for suppression of physical evidence or, alternatively, a hearing under *Franks v. Delaware*, 438 U.S. 154 (1978). ECF Nos. 241, 242. On February 20, 2026, Judge Holland issued a Report & Recommendation ("R&R") and a Decision and Order ("D&O"), respectively. ECF Nos. 255, 256. The R&R, in particular, recommended denying Defendant's motions for suppression of evidence or, alternatively, a *Franks* hearing. ECF No. 255.

Defendant has filed his objections to the R&R, ECF No. 282, and the Government has responded, ECF No. 287. For the reasons that follow, the R&R (ECF No. 255) is ADOPTED.

1

Accordingly, Defendant's motions for suppression of evidence or, alternatively, a *Franks* hearing are DENIED.

## LEGAL STANDARD

A district court reviews *de novo* those portions of an R&R to which a party has timely objected. Fed. R. Crim. P. 59(b)(3). When a party does not object to a portion of an R&R, or when the objections are conclusory, general, or without legal support, a district court reviews those portions for clear error. *See United States v. Preston*, 635 F. Supp. 2d 267, 269 (W.D.N.Y. 2009); *see also* Fed. R. Crim. P. 59(a) ("Failure to object in accordance with this rule waives a party's right to review.").

## DISCUSSION

The R&R contains a thorough description of the relevant facts in this case, and therefore, familiarity with the factual background is assumed. *See* ECF No. 255. Defendant objects to parts of the R&R that recommend denying his motions for suppression of evidence or, alternatively, a *Franks* hearing. ECF No. 282. The Court discusses each motion in turn.

### I.    Suppression of Evidence

Judge Holland recommended denying Defendant's motion to suppress evidence found during, or as a result of, the search of his person and residence, the search of his vehicle, the use of a GPS tracking device on his vehicle, and the wiretapping of his cell phone. ECF No. 255 at 14–43. Defendant objects.[1] ECF No. 273 at 2–19.

---

[1] Neither party objects to Judge Holland's finding that Defendant has standing to challenge: (1) the search of the 2000 Acura RL; (2) the search of his residence at 86 Forrester Street; and (3) the wiretap of the phone ending in 0005. *See* ECF No. 255 at 12–14; ECF No. 282; ECF No. 287. Finding no clear error in Judge Holland's finding, the Court adopts Judge Holland's recommendation that Defendant has standing. *See Preston*, 635 F. Supp. 2d at 269.

### a. Probable Cause

Judges who issue warrants must answer the "commonsense, practical question whether there is 'probable cause' to believe that contraband or evidence is located in a particular place." *Illinois v. Gates*, 462 U.S. 213, 230 (1983). Probable cause "does not demand certainty but only a 'fair probability' that contraband or evidence of a crime will be found." *United States v. Gaskin*, 364 F.3d 438, 457 (2d Cir. 2004) (quoting *Gates*, 462 U.S. at 238). Because "courts recognize that experience and training may allow a law enforcement officer to discern probable cause from facts and circumstances where a layman might not," *id.*, in reviewing a probable cause determination, the Court gives "due weight to inferences drawn from those facts by resident judges and law enforcement officers," *United States v. Wilson*, 699 F.3d 235, 242 (2d Cir. 2012) (internal quotation marks and citation omitted); *see United States v. Clark*, 638 F.3d 89, 93 (2d Cir. 2011) ("[A] court reviewing a challenged warrant . . . must accord considerable deference to the probable cause determination of the issuing magistrate." (internal quotation marks and citation omitted)).

The affidavit supporting a search warrant does not require certainty that the search will be fruitful—rather, the affidavit need only "warrant a man of reasonable caution in the belief" that evidence of a crime will be found. *Texas v. Brown,* 460 U.S. 730, 742 (1983) (citation omitted). Consequently, the facts upon which a police officer bases his conclusions need not show that the conclusion is "correct or more likely true than false"; he need only show that "wrongdoing or the discovery of evidence thereof [is] probable." *Walczyk v. Rio*, 496 F.3d 139, 157 (2d Cir. 2007) (citation omitted). Suppression should be the "last resort, not [the Court's] first impulse." *Herring v. United States,* 555 U.S. 135, 140 (2009) (internal quotation marks and citation omitted).

3

### b. Tracking of the 2000 Acura RL

Judge Holland determined that there was probable cause for a warrant application to install a tracking device on a 2000 Acura RL that Defendant drove. ECF No. 255 at 12–13, 20–23. Defendant argues that the application insufficiently alleged his criminal activity to establish a nexus to search the vehicle as it omitted the "innocent explanation" that Defendant was simply visiting properties that co-defendant Timothy T. Jackson, Defendant's cousin, managed, which is a "critical contextual fact." ECF No. 282 at 3–5. Defendant also claims that the application did not contain facts that directly associated him with the transaction or handling of narcotics. *Id.* at 4. Defendant further asserts that Rochester Police Department ("RPD") Investigator Christopher Marsherall's supporting affidavit includes conclusory expert opinions that Defendant's conduct was consistent with drug dealing, which did not consider other innocent explanations. *Id.* at 5.

The tracking application sufficiently alleges Defendant's suspected criminal activity and establish a nexus to search the 2000 Acura RL. Investigator Marsherall, who has been a police officer since 2006 and a police investigator since 2015 with a long history of narcotics investigations, submitted an affidavit in support of the warrant as to the vehicle. ECF No. 241-1 at 4–5. The affidavit includes several accounts of law enforcement's surveillance of Defendant driving the 2000 Acura RL to locations associated with suspected drug activity. For instance, during the week of June 25, 2023, a confidential informant interacted with Defendant at 49 Angle Street where the informant observed a group of people openly using drugs; Defendant directed the informant to go to the rear window where the informant made a controlled purchase of crack cocaine from a female. *Id.* at 7. This same day, Defendant parked the 2000 Acura RL at 19 Angle Street and walked to 49 Angle Street to meet Jackson. *Id.* at 8. Investigator Marsherall opined that based on his training and experience, this was a resupply of narcotics from Jackson to

4

Defendant at 49 Angle Street.  *Id.*  On August 10, 2023, Defendant was observed parking the 2000 Acura RL in front of 96 Angle Street where a confidential informant conducted a controlled purchase of crack cocaine from a female that same day.  *Id.* at 9.  On August 17, 2023, Defendant was observed operating the 2000 Acura RL to arrive at 96 Angle Street, which he entered and exited while shoving what appeared to be United States currency into his pockets.  *Id.*  Investigator Marsherall stated that, based on his training and experience, this was consistent with a re-supply of narcotics at 96 Angle Street.  *Id.*

Reviewing the tracking application, the Court finds that there was probable cause to issue the tracking warrant because the application sufficiently established a proper nexus between the alleged drug trafficking and the use of the 2000 Acura RL.  This is especially so considering Investigator Marsherall's observations and opinions that, based on his training and experience in narcotics investigations, Defendant was engaged in drug trafficking and furthered his conduct by operating the 2000 Acura RL.  *See United States v. Delossantos*, 536 F.3d 155, 161 (2d Cir. 2008) ("[T]he powers of observation of an officer with superior training and experience should not be disregarded.").  Considering these facts altogether, the Court agrees with Judge Holland and finds that there was probable cause to issue the tracking application.

Defendant raises two arguments in objection to Judge Holland's determination.  Defendant first contends that the application omits innocent explanations of his supposed criminal conduct.  ECF No. 282 at 4.  Second, Defendant argues that Judge Holland erred in crediting Investigator Marsherall's "conclusory" expert opinion.  *Id.* at 5.  The Court rejects both arguments.

First, Defendant argues that the application omitted the fact that he and Jackson are cousins and that Defendant was merely interacting with Jackson's rental property tenants.  ECF No. 282 at 4.  Defendant claims that this "legitimate, non-criminal explanation" is "wholly consistent" with

law enforcement's observations of his supposed criminal conduct, which negates probable cause. *Id.* However, as Defendant concedes, "an innocent explanation . . . does not negate probable cause." *Panetta v. Crowley*, 460 F.3d 388, 395 (2d Cir. 2006) (quoting *United States v. Fama*, 758 F.2d 834, 838 (2d Cir. 1985)). The Court agrees with Judge Holland's determination that relatives are capable of engaging in criminal conduct together. ECF No. 255 at 40. It is also reasonable to believe that the co-defendants supposedly conducted unlawful actions at properties they have access to and can control. *Id.* at 40–41; *see United States v. Peralta*, 361 F. Supp. 3d 313, 322 (N.D.N.Y. 2019) ("After all, it is not exactly unheard of for drug dealers in this country to conduct their unlawful enterprise in tandem with other, legitimate business ventures."). Therefore, Defendant's familial relationship with Jackson and Jackson's occupation as a property owner/manager are insufficient to negate probable cause.

Defendant's second argument that Judge Holland deferred to Investigator Marsherall's conclusory expert opinions also lacks merit. Initially, the tracking application contains sufficient factual allegations to establish probable cause that Defendant was engaging in suspected criminal activity as shown by the multiple factual accounts of surveillance that Investigator Marsherall described. In one of these instances, Defendant himself directed a confidential informant to the rear window where the informant allegedly made a controlled purchase of crack cocaine. ECF No. 241-1 at 7. Defendant was also observed parking his vehicle at 96 Angle Street where a confidential informant conducted a controlled purchase of crack cocaine that same day. *Id.* at 9. On a different day, Defendant was observed leaving that same property while shoving money into his pockets. *Id.* These factual circumstances altogether sufficiently established a "fair probability" that contraband or evidence of a crime would be found in the 2000 Acura RL, which Defendant operated, to further his conduct. *Gaskin*, 364 F.3d at 457.

6

It is the combination of these factual circumstances that Investigator Marsherall considered when opining that Defendant engaged in supposedly criminal activity. Therefore, Defendant's claim that Investigator Marsherall offered only bare conclusions that Defendant's conduct was consistent with transacting drugs lacks merit. In addition, Investigator Marsherall has been a police officer since 2006 and a police investigator since 2015 with a long history of narcotics investigations, which experience and training he utilized when presenting his opinion. ECF No. 241-1 at 4–5. These opinions based on experience and training are given due weight. *See Wilson*, 699 F.3d at 242; *see Delossantos*, 536 F.3d at 161. Therefore, the Court does not find that Judge Holland erroneously credited Investigator Marsherall's opinion.

Considering these facts altogether, the Court agrees with Judge Holland and finds that there was probable cause to issue the tracking warrant. Accordingly, the Court ADOPTS Judge Holland's recommendation as to probable cause for the tracking warrant.

### c.  Wiretap of the 0005 Phone

Judge Holland determined that the eavesdropping warrant application of a phone with a number ending in 0005 contained "great detail" that was sufficient to establish probable cause. ECF No. 255 at 25–29. In doing so, Judge Holland considered the affidavit of RPD Investigator Thomas Minurka, a police officer with over 19 years of experience during which he "intercepted and deciphered cryptic conversations involving drug dealers and traffickers on numerous occasions[.]" ECF No. 240-1 at 292–93. Investigator Minurka's affidavit described investigations that involved confidential informants whom he described were officially vetted, "who have been proven truthful and reliable and their information has led to seizures of contraband and arrests," and engaged in controlled purchases of drugs. ECF No. 241-2 at 12–13.

Defendant attempts to undermine the reliability of the investigation involving these confidential informants, stating that Investigator Minurka only provides a "generic recitation" that attests to their truthfulness and reliability. ECF No. 282 at 6–7. However, contrary to Defendant's argument that the affidavit lacks "specific corroborating details," *id.* at 6, Investigator Minurka accounts for numerous instances where confidential informants interacted with Defendant during suspected criminal activity. For instance, on October 19, 2021, a confidential informant personally observed a narcotics supplier at 19 Angle Street, whom the informant identified as Defendant. ECF No. 241-2 at 12–15. On June 1, 2022, this informant observed Defendant allegedly providing samples of crack cocaine. *Id.* at 17. On June 27, 2022, and May 25, 2023, the informant allegedly made controlled purchases of crack cocaine directly from Defendant. *Id.* at 18, 36. On June 28, 2023, at 49 Angle Street, Defendant directed a different confidential informant to go to the rear window where the informant allegedly made a controlled purchase of crack cocaine. *Id.* at 39–40. These descriptions of reliable confidential informants purchasing drugs directly from Defendant or through his involvement provides sufficient factual circumstances that support probable cause. *See United States v. Wagner*, 989 F.2d 69, 73 (2d Cir. 1993) ("An informant's participation in supervised drug purchases is powerful corroborative evidence for purposes of determining probable cause.").

Defendant also argues that the eavesdropping warrant application lacks particularity as it fails to connect Defendant's usage of the 0005 phone with the alleged drug trafficking. ECF No. 282 at 7. This argument is meritless. Investigator Minurka's affidavit states that the investigation revealed that the 0005 phone belonged to Defendant. ECF No. 241-2 at 9–10. The affidavit then describes investigations involving the 0005 phone, where, during the weeks of October 2 and October 11, 2023, a confidential informant made controlled purchases of crack cocaine after

8

placing orders on the 0005 phone. *Id.* at 59–60. Therefore, the application was sufficiently particular to connect Defendant's 0005 phone and the alleged criminal activity.[2]

Accordingly, the Court ADOPTS Judge Holland's recommendation as to probable cause for the eavesdropping warrant application.

### d. Search of 86 Forester Street

Judge Holland found that there was probable cause for the search warrant application to search Defendant's residence at 86 Forester Street. ECF No. ECF No. 255 at 32–37. The search warrant application incorporated Investigator Minurka's affidavit in support of the eavesdropping warrant application, ECF No. 241-7 at 15, and described surveillance of Defendant. For instance, during the week of September 11, 2023, a confidential informant met Defendant and made a controlled purchase of crack cocaine; shortly afterwards, Defendant was observed leaving his residence at 86 Forester Street. ECF No. 241-2 at 50. During the week of October 11, 2023, Defendant was observed leaving 86 Forester Street to then meet with a confidential informant who completed a controlled purchase of crack cocaine from Defendant. *Id.* at 56. On October 31, 2023, law enforcement intercepted a call between Defendant and Shawn James McClary, an alleged source of supply of narcotics for Defendant. ECF No. 241-7 at 16–17. McClary asked Defendant if he "needed a re-supply" and Defendant answered that "he can start putting something

---

[2] Defendant also objects to Judge Holland's determination, claiming that Investigator Minurka's interpretation of intercepted phone calls during the investigation was improperly speculative. ECF No. 282 at 7. However, the portion of the R&R that Defendant objects to pertains to the sufficiency of the eavesdropping warrant application of Jackson's phone. ECF No. 255 at 30–31. In any event, Investigator Minurka's interpretation of the intercepted phone calls was not improperly speculative. As discussed in this Court's Decision and Order related to Jackson's objections, ECF No. 284 at 9–10, the Court may defer to the officer's interpretation of "narcotics code," which are statements not used in everyday parlance but instead consistently utilized during drug transactions. *United States v. Cancelmo*, 64 F.3d 804, 808 (2d Cir. 1995); *see United States v. Fury*, 554 F.2d 522, 530–31 (2d Cir. 1995) (probable cause was shown where ambiguous statements could be "reasonably interpreted to indicate what the detective interpreted them to be" when considered in the context of defendant's criminal record and ongoing investigation). Because Investigator Minurka is a police officer with over 19 years of experience with ample experience deciphering cryptic conversations used among drug traffickers, ECF No. 240-1 at 292–93, the Court may defer to his interpretation that the intercepted phone calls discussed suspected drug trafficking.

together." *Id.* at 17.  McClary then met Defendant and Jackson at 86 Forester Street, and later left with Defendant for a suspected "re-supply of narcotics."  *Id.*

Judge Holland determined that the search warrant application amply established probable cause to believe that Defendant was engaged in narcotics trafficking and that evidence of this crime would be found at Defendant's residence at 86 Forester Street.  ECF No. 255 at 33, 35–37.  However, Defendant argues that the application does not establish a sufficient nexus between his residence and the alleged drug activity because there was no direct evidence that contraband was transported or stored at 86 Forester Street.  ECF No. 282 at 8.  Defendant's argument is meritless.

Probable cause to search a particular location exists where there is a "fair probability that contraband or evidence of a crime will be found in a particular place."  *Gates*, 462 U.S. at 238.  An officer's expert opinion is "an important factor" for a judge to consider in reviewing a warrant application.  *Fama*, 758 F.2d at 838.  "[P]robable cause determinations are frequently upheld in situations where a law enforcement officer provides an expert opinion that drug traffickers often maintain evidence of their crimes at their residences" even in the "absence of any specific information connecting suspected drugs to those premises."  *United States v. Montgomery*, No. 17-CR-6005, 2017 WL 3821262, at *8 (W.D.N.Y. Sept. 1, 2017) (brackets and citations omitted).

Here, the search warrant application sets forth ample and reasonable grounds to suspect that Defendant was engaged in criminal conduct and that there was a "fair probability that contraband or evidence of a crime will be found" at his residence.  *Gates*, 462 U.S. at 238.  Investigator Minurka provided multiple accounts of suspected drug activity associated with Defendant's residence.  Further, Investigator Minurka, an experienced investigator in narcotics investigations, opined that evidence of crime is often concealed in residences of those involved in trafficking.  *See United States v. Williams*, 350 F. Supp. 3d 261, 268 (W.D.N.Y. 2018) ("An

investigator's opinion that based on training and experience, drug traffickers maintain evidence of their illegal activities at their residences, may assist in establishing probable cause to search."). The fact that the application does not mention direct evidence of contraband being stored or concealed at 86 Forester Street has no bearing on the analysis of probable cause. *See United States v. Harding*, 273 F. Supp. 2d 411, 417–18 (S.D.N.Y. 2003) ("[T]here is no need for direct evidence linking the residence to criminal activity to establish probable cause. Instead, probable cause to search can be based on an accumulation of circumstantial evidence that together indicates a fair probability of the presence of contraband or evidence at the home of the subject of an investigation." (quotation marks, ellipses, brackets, and citations omitted)). Here, the factual circumstances described in the search warrant application provides sufficient circumstantial evidence to establish probable cause. Defendant's argument is therefore unavailing.

Accordingly, the Court ADOPTS Judge Holland's recommendation as to probable cause for the search warrant application.

### e. The *Franks* Hearing

Judge Holland also denied Defendant's request for a *Franks* hearing. ECF No. 255 at 37–41. Defendant objects to this determination, arguing that the tracking and eavesdropping warrant applications omitted material facts that: (1) Jackson, Defendant's cousin, owned and managed the properties at 19 and 49 Angle Street; (2) Defendant visited the properties to interact with his cousin who was the landlord; and (3) no confidential informant directly identified Defendant as the seller in a controlled purchase that took place at those locations. ECF No. 282 at 9. The Court agrees with Judge Holland's determination.

A defendant is entitled to a *Franks* hearing where he "makes a substantial preliminary showing that a false statement knowingly and intentionally, or with reckless disregard for the truth,

11

was included by the affiant in the warrant affidavit, and if the allegedly false statement is necessary to the finding of probable cause." *Franks*, 438 U.S. at 155–56. "The ultimate inquiry is whether, after putting aside erroneous information and material omissions, there remains a residue of independent and lawful information sufficient to support probable cause." *United States v. Canfield,* 212 F.3d 713, 718 (2d Cir. 2000) (quotation marks and citation omitted).[3]

The Court is not convinced that omitting information about Defendant's familial relationship with Jackson or the fact that Jackson owns and manages properties at 19 and 49 Angle Street warrants a *Franks* hearing. First, Defendant presents no support for his argument that the omission was knowingly or intentionally made. It is unclear whether law enforcement was aware of the co-defendants' relationship, and even if they were, "[a]n affiant cannot be expected to include in an affidavit every piece of information gathered in the course of an investigation." *Peralta*, 361 F. Supp. 3d at 321 (citation omitted). Second, even if the information were material as Defendant claims, the "residue of independent and lawful information" was sufficient to support probable cause. *Canfield,* 212 F.3d at 718. As discussed, relatives are still capable of engaging in criminal conduct together, and it is reasonable to believe that alleged criminal activity takes place at a location where a defendant may have ready access. *See* Section I.b. *supra*; *Canfield*, 212 F.3d at 718. Therefore, even if this information was included in the applications, probable cause would have still been established.

---

[3] Judge Holland determined that Defendant "point[ed] to nothing to support his assertion" that the co-defendants are related as cousins or that Jackson performed maintenance work at 19 and 49 Angle Street. ECF No.255 at 39–41. Judge Holland then stated that, in any event, Defendant failed to show that the affidavits knowingly or recklessly omitted these facts. ECF No. 39. Defendant argues that Judge Holland misapplied the law by imposing a higher burden for him to corroborate the omitted facts with documentary evidence at the threshold stage. ECF No. 282 at 10. Upon reviewing this issue *de novo*, the Court dismisses Defendant's argument because ultimately, Defendant still fails to show that the investigators intentionally, knowingly, or recklessly omitted the fact that the co-defendants are cousins or that Jackson owns the properties in issue. *See Franks*, 438 U.S. at 155–56. As discussed, *see* Section I.b. *supra*, even if these facts were included in the affidavits, probable cause would have sufficiently been established. Therefore, Defendant's argument lacks merit.

Accordingly, the Court ADOPTS the recommendation denying a *Franks* hearing.

### f.  Good Faith Exception

Judge Holland determined that, even if the warrants were invalid, the evidence would still be admissible under the good faith exception set forth in *United States v. Leon,* 468 U.S. 897 (1984).  ECF No. 255 at 42–43.  In *Leon*, the Supreme Court recognized an exception to the exclusionary rule for "evidence obtained in objectively reasonable reliance on a subsequently invalidated search warrant."  468 U.S. at 922.  However, the good faith exception does not apply: "(1) where the issuing magistrate has been knowingly misled; (2) where the issuing magistrate wholly abandoned his or her judicial role; (3) where the application is so lacking in indicia of probable cause as to render reliance upon it unreasonable; and (4) where the warrant is so facially deficient that reliance upon it is unreasonable."  *Clark*, 638 F.3d at 100 (citation omitted).

Defendant argues that the good faith exception does not apply here.  Specifically, Defendant argues that the affidavits that supported the warrants: (1) omitted material and exculpatory information regarding Jackson's ownership of the 19 and 49 Angle Street properties; (2) relied on conclusory expert opinions regarding Defendant's supposed drug transactions; and (3) failed to establish a nexus between Defendant's residence and the alleged criminal activity. ECF No. 282 at 11.  Defendant claims that because the officer who made the material omissions, which could not have established probable cause had the facts been properly considered, was the one who executed the search, the government cannot rely on the good faith exception.  *Id.* at 12.

The Court has already discussed that probable cause would still be sufficiently established even if the affidavits included information about Jackson's ownership over the Angle Street properties.  Similarly, the Court concluded that the opinions of Investigators Marsherall and Minurka were not conclusory as they were supported by ample facts and that the search warrant

application established a nexus between Defendant's residence and the alleged drug trafficking. Defendant fails to provide additional support for his perfunctory arguments, failing to establish that the good faith exception should not apply in this case.

Accordingly, the Court ADOPTS the recommendation as to the good faith exception.

### g. The Remainder of the R&R

Judge Holland recommended granting Defendant's motion to withdraw his motion to suppress statements made to law enforcement and denying Defendant's motion to suppress identification evidence as moot. ECF No. 255 at 44–45. Neither party objected to these recommendations. Because neither party objects, the Court reviews for clear error, *see Preston*, 635 F. Supp. 2d at 269, and it finds none. Accordingly, the Court ADOPTS the recommendations as to the suppression of statements and identification evidence.

### CONCLUSION

For the foregoing reasons, the R&R (ECF No. 255) is ADOPTED.

IT IS SO ORDERED.

Dated: July 28, 2026
      Rochester, New York

_____
HON. FRANK P. GERACI, JR.
United States District Judge
Western District of New York

14